915 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cynthia GUIDICE, Claudette Morales, Charlene Williams, by
her next friend, Viola Williams, Anna Bushman,
individually and on behalf of all others
similarly situated,
Plaintiffs-Appellants,
v.
Larry D. JACKSON, Commissioner, Virginia Department of
Social Services, Defendant-Appellee,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Third Party Defendant.
 No. 90-2603.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1990.
Decided Oct. 5, 1990.
As Amended Oct. 25, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-89-390-R)
 William Lewis Botts, III, Rappahannock Legal Services, Fredericksburg, Va., (Argued), for appellants; Alda White, Stafford County Attorney, Stafford, Va., on brief.
 Thomas James Czelusta, Assistant Attorney General, Richmond, Va. (Argued), for appellee; Mary Sue Terry, Attorney General, Richmond, Va., on brief.
 E.D.Va., 726 F.Supp. 632.
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In this class action, the appellants are residents of Stafford County, Virginia, who have applied for or received benefits under either Virginia's Aid to Families with Dependent Children (AFDC) program* or its Medicaid program. They brought suit against Larry D. Jackson in his official capacity as Commissioner of Virginia's Department of Social Services (DSS), claiming that the method used by DSS to determine program eligibility and benefits violates federal law and the equal protection clause of the fourteenth amendment because it denies equal benefits to equally situated people. Following oral argument on cross motions for summary judgment, the district court ruled in favor of the Commissioner on all claims.
 
 
 2
 The facts in this case are not in dispute. In 1974, the DSS placed Stafford County in the lowest cost-of-living category. Since then, Stafford County has lost its rural nature and its low cost of living in comparison to other Virginia counties. Stafford County, along with approximately 62 other localities across Virginia, no longer belongs in the cost-of-living category to which it was originally assigned for purposes of determining eligibility and benefit levels for AFDC and Medicaid claimants. Nonetheless, the DSS has not revised its initial determination and Stafford County remains in the lowest cost-of-living category. This results in Stafford County residents receiving lower benefits from AFDC and Medicaid than people who live in less or equally expensive areas of Virginia.
 
 
 3
 Despite various studies that demonstrate this disparity, Virginia has opted to maintain the categories established in 1974, citing cost as the sole reason. The question is whether the state is required by federal statutory or constitutional law to update its classification of localities to address this inequity.
 
 
 4
 After a thorough review of the pertinent statutes, regulations, legislative history, and case law, the district court found that neither the statutes nor the regulations require the state to revise a classification policy that conformed to federal law when it was created. The district court also rejected the equal protection claim, finding that the state's decision to maintain the status quo in light of budgetary constraints was rationally based and free from invidious discrimination. See Dandridge v. Williams, 397 U.S. 471, 483-87 (1970).
 
 
 5
 We find no error in the court's analysis and affirm on the basis of the district court opinion. Guidice v. Jackson, 726 F.Supp. 632 (E.D.Va.1989).
 
 
 6
 AFFIRMED.
 
 
 
 *
 AFDC is a federal program which is administered by the states. The federal government partially reimburses participating states, provided the state programs conform to federal regulations and are approved by the Secretary of Health and Human Services. See 42 U.S.C. Secs. 601, et seq